No. 25,578.

THE STATE OF KANSAS, *Appellee*, v. FRANK SUPANCIC, *Appellant.*

SYLLABUS BY THE COURT.

1. LIQUOR LAW—*Charge of Unlawful Possession and With Former Conviction —Evidence—Requested Instruction Properly Refused.* Defendant was convicted of being a, persistent violator of the liquor law on an information containing two counts. One charged the former conviction and unlawful possession. The other charged the former conviction and a sale. Defendant admitted the former conviction. *Held,* he was not entitled to an instruction relating to conviction of misdemeanor only.

2. SAME—*Evidence Sustains Conviction.* The keeping and the sale proved occurred on the same day. *Held,* two offenses were committed.

Appeal from Cherokee district court; FRANK W. BOSS, judge. Opinion filed November 8, 1924. Affirmed.

*C. B. Skidmore,* and *Leo Armstrong,* both of Columbus, for the appellant.

*Charles B. Griffith,* attorney-general, *Donald W. Stewart,* assistant attorney-general, and *R. E. Rosenstein,* county attorney, for the appellee.

The opinion of the court was delivered by

BURCH, J:. Defendant was convicted of being a persistent violator of the intoxicating-liquor law, and appeals.

The information contained two counts. The first count charged previous conviction on February 26, 1923, and unlawful possession on September 23, 1923. The second count charged previous conviction on February 26, 1923, and sale on September 23, 1923. Defendant complains of the manner in which the former conviction was proved. The record of the former conviction was introduced in evidence after it had been corrected to speak the truth. The evidence was properly received. (*The State v. Parise,* ante, p. —.) Besides that, in this case defendant admitted the previous conviction, and the record evidence, whether good or bad, was unimportant.

Defendant complains of the admission of testimony respecting a sale which he had made not charged in the information. No objection to the testimony was interposed when it was offered, and the jury was instructed with reference to the extent to which it might be considered, by an instruction which is not challenged.

Defendant complains because his request for an instruction re-

lating to conviction of misdemeanor only was denied. He admitted the former conviction, and if he was guilty of keeping or selling he was confessedly guilty of the felony charge. Besides that, the misdemeanor charge contained in each count of the information was not a lesser degree of the felony of persistent violation. (*The State v. Parise*, ante, p. 106.)

Defendant complains because he was convicted on both counts. His contention is, having liquor in his possession and selling it were but one "act," for which he could receive but one punishment. Keeping intoxicating liquor is one kind of criminal conduct; selling intoxicating liquor is another and quite different kind; and each is punishable.

The judgment of the district court is affirmed.