No. 25,810.

THE STATE OF KANSAS, *Appellant*, v. REESE FORD, *Appellee.*

SYLLABUS BY THE COURT.

1. LIQUOR LAW—*Conviction on Two Counts—Possession of Liquor—Sale of Liquor—No Double Jeopardy.* A conviction upon one count for having possession of intoxicating liquor and upon another for the sale of the same liquor does not violate the constitutional provision against double jeopardy for the same offense.

2. SAME—*Double Jeopardy—Issue Not Presented on Motion in Arrest of Judgment.* Where the information does not show on its face the facts on which is based a claim that a conviction has been had upon two different counts for the same offense, such claim cannot be properly presented by a motion in arrest of judgment.

Appeal from Montgomery district court; JOSEPH W. HOLDREN, judge. Opinion filed February 7, 1925. Reversed.

*Charles B. Griffith,* attorney-general, *B. W. Berg,* county attorney, and *W. B. Grant,* deputy county attorney, for the appellant.

*Charles D. Ise, Charles Bucher,* and *Barney Bucher,* all of Coffeyville, for the appellee.

The opinion of the court was delivered by

MASON, J.: Reese Ford was convicted on two counts of an information, one charging him with having possession of intoxicating liquor, the other with selling it. According to the evidence a witness called on the defendant at his home and asked if he had some whisky. He answered that he could get some, and under an arrangement then made he brought a jug of whisky to the witness in his car the next morning, which he sold to him. There was no evidence of his having had any other liquor in his possession. The defendant filed a motion in arrest of judgment on the first count on the ground that possession of liquor was an ingredient of the offense of selling it, of which he was convicted—was necessarily included within it, and therefore he could not be punished for both offenses. The motion was sustained, and the state appeals.

1. A conviction of one offense is a bar to a conviction of another which is a lower degree of the same offense or a necessary ingredient in it or necessarily included within it. (R. S. 62-1444; 16 C. J. 271.) Assuming that in order for the defendant to be guilty of the sale of the jug of whisky it was necessary for him

to have had such control of it at the moment of delivery as to render him guilty as well of having it in his possession, it does not follow that the offense of possession of which he was found guilty was an ingredient of the offense of making the sale. As a practical matter, the defendant in order to carry out the deal may have been obliged to transport the liquor some distance and therefore to have had it in his possession for a considerable period, but possession for that period was not legally essential to a sale. The offense of having it in his possession was complete before the time for delivery had arrived.

A defendant who was convicted both of having in his possession and of selling a quart bottle of whisky has already raised the question here presented. In answer to his contention the court said:

"Defendant complains because he was convicted on both counts. His contention is, having liquor in his possession and selling it were but one 'act' for which he could receive but one punishment. Keeping intoxicating liquor is one kind of criminal conduct; selling intoxicating liquor is another and quite different kind; and each is punishable." (*The State v. Supancic,* 117 Kan. 110, 111, 230 Pac. 306. See, also, *Massey v. United States,* 281 Fed. 293; *Bell v. United States,* 285 Fed. 145; *State v. Oberman,* 152 Minn. 431; *State v. Marchindo,* 65 Mont. 431; *Chandler v. The State,* 89 Tex. Cr. Rep. 299.)

It has been held that a person cannot rightfully be prosecuted for having intoxicating liquor in his possession where with respect to the same transaction he has already been convicted of manufacturing it (*Barton v. State,* 222 Pac. 1019 [Okla.]) or of transporting it. (*Commonwealth v. Wilkerson,* 201 Ky. 729.) The latter case is readily distinguishable from the present; the former less so. But in any event we are satisfied with the conclusion here reached.

2. Moreover a motion in arrest of judgment can raise but two questions, neither of which is here involved—whether the court has jurisdiction and whether the information states a public offense. (*The State v. Yargus,* 112 Kan. 450, 211 Pac. 121.) The defense of second jeopardy may be waived, and is waived by the defendant's going to trial on the merits without urging it, taking the chance of a favorable verdict. (*The State v. White,* 71 Kan. 356, 80 Pac. 589; see, also, 16 C. J. 1254.)

The judgment is reversed with directions to overrule the motion in arrest of judgment.