The State v. Schesser.

---

No. 25,622.

The State of Kansas, *Appellee,* v. Lee Schesser, *Appellant.*

SYLLABUS BY THE COURT.

Intoxicating Liquors—*Conviction on Several Counts.*    Convictions may be had upon each of several counts for the possessing by the defendant of apparatus for making intoxicating liquor, for his making it therewith, and for his having it in his possession after its manufacture; and in a case where such convictions were had, no prejudice resulted from the defendant having also been charged with the offense of making mash, of which he was acquitted.

Appeal from Norton district court; Willard Simmons, judge.    Opinion filed June 6, 1925.    Affirmed.

*W. E. Mahin,* of Norton, for the appellant.

*C. B. Griffith,* attorney-general, *C. A. Burnett,* assistant attorney-general, and *Robert W. Hemphill, Jr.,* county attorney, for the appellee.

The opinion of the court was delivered by

Mason, J.:    The sheriff, under a search warrant, found in the basement of the defendant's house four two-gallon jugs of corn whisky, eight fifty-gallon barrels of mash, and a still having a capacity of forty-five or fifty gallons.    The defendant was convicted, under separate counts, upon evidence concerning the conditions existing at that time and place, and also testimony concerning two sales of whisky previously made there, of having intoxicating liquor in his possession, of manufacturing intoxicating liquor, of having in his possession a still, boiler and other apparatus to be used for the purpose of making intoxicating liquor, and of maintaining a nuisance.    Upon appeal he asks a reversal upon the ground that the offenses charged in the three counts first referred to and in another

count on which he was acquitted, charging him with making mash, really constitute but a single offense, which should not have been subdivided, and on which but a single conviction could lawfully be had. The count upon which he was found not guilty need not be considered, for the acquittal takes it out of the case. Its presence, even if conceded to be irregular, did not hamper him in his defense against the other counts. The question remaining to be determined is whether a defendant may be convicted in several counts of possessing apparatus to manufacture liquor, manufacturing liquor with it, and possessing the liquor so manufactured. The criminal court of appeals of Oklahoma has held that a person cannot rightfully be prosecuted for having intoxicating liquor in his possession where with respect to the same transaction he has already been convicted of manufacturing it. (*Barton v. State*, [Okla.], 222 Pac. 1019.) We have held that a conviction may be had for having possession of liquor and also for selling the same liquor during the continuance of such possession, citing the Oklahoma case, and saying, in effect, that whether or not it could be distinguished, we were satisfied with our own conclusion. (*The State v. Ford*, 117 Kan. 735, 232 Pac. 1023.) We regard the question here presented as turning upon the same principle, and accordingly hold that the possession of the apparatus, the making of the liquor, and its possession, were different offenses, upon each of which a conviction might be had.

The judgment is affirmed.