State v. McLaughlin.

---

No. 27,031.

THE STATE OF KANSAS, *Appellee*, v. RUSSELL MCLAUGHLIN, *Appellant.*

SYLLABUS BY THE COURT.

1. CRIMINAL LAW—*Double Jeopardy—Identity of Offenses—Where One Crime Includes Another.* Rule followed that a prosecution and conviction (or acquittal) for some part of a single criminal delinquency bars another prosecution for the whole or any part of defendant's misconduct constituting that identical offense—following *State v. Colgate*, 31 Kan. 511, 3 Pac. 346; *State v. Chinault*, 55 Kan. 326, 40 Pac. 662.

2. INDICTMENT AND INFORMATION—*Election Between Counts—Offenses Against Liquor Law.* Where, according to the stipulated facts, defendant drank a considerable quantity of intoxicating liquor and got into his automobile and drove it along a public street and wrecked it against the curbing and was shortly afterwards found in a drunken stupor, defendant's conduct constituted a single criminal delinquency and not two distinct crimes carrying separate and successive punishments; and the trial court should require the county attorney to elect whether he would stand on the count charging defendant with being drunk in a public place or on the count charging him with driving an automobile in a public street while in a drunken condition.

Appeal from Montgomery district court; JOSEPH W. HOLDREN, judge. Opinion filed October 9, 1926. Reversed.

*P. L. Courtright,* of Independence, for the appellant.

*Charles B. Griffith,* attorney-general, *Roland Boynton,* assistant attorney-general, *B. W. Berg,* county attorney, and *W. B. Grant,* deputy county attorney, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: The defendant was convicted of two offenses—being drunk and intoxicated on a public highway, and operating an auto-

---

Criminal Law, 16 C. J. pp. 264 n. 40, 270 n. 97, 271 n. 5; 8 R. C. L. 145-147. Indictment and Informations, 31 C. J. p. 790 n. 4.

mobile on a public highway while in a drunken and intoxicated condition.

A jury was waived and counsel for the state and for the defendant submitted the cause to the trial court upon an agreed statement of facts, which in part reads:

"That at about 4:30 a. m. on the 9th day of August, 1925, Russell Mc-Laughlin, the defendant in this case, was arrested by Officer P. H. Rouse, of Independence, and the sheriff of Montgomery county, on Railroad street between Ninth and Tenth streets in the city of Independence, Kansas. That immediately prior to his arrest he had been drinking intoxicating liquor and drove his automobile along Railroad street between Ninth and Tenth streets and ran into the curb or gutter and wrecked his car. That he continued to remain there in his wrecked car on Railroad street, which is a public thoroughfare, for about a half hour, when the officers arrived and defendant was arrested. At the time of his arrest he was intoxicated to such an extent that it was necessary for the officers to arouse him and assist him out of the car and into their car and assist him up to the city jail of Independence, Kansas."

Defendant filed a motion requiring the state to elect whether it would stand on the count charging him with the offense of being drunk on a public highway or on the count charging defendant with the offense of operating an automobile upon a public highway while in a drunken and intoxicated condition. This record recited:

"THE COURT: The motion is to require the county attorney to elect upon which count he stands. The motion will be overruled."

"[COUNSEL FOR DEFENDANT]: Now at this time the defendant requests the court to make a finding on the first count before he finds on the second.

"THE COURT: The court will find the defendant guilty upon the first count, being intoxicated in a public place in violation of law."

"[COUNSEL FOR DEFENDANT]: Comes now the defendant, Russell Mc-Laughlin, having been convicted under the first count and now moves the court to dismiss the second count of the information herein, and dismiss and discharge this defendant so far as the second count is concerned, because a conviction under the first count is a bar to a conviction under the second count, and that the defendant has been in former jeopardy in this case; that being drunk at the same time and place is an essential ingredient for other offenses charged.

"THE COURT: The motion will be overruled. The court finds the defendant, Russell McLaughlin, guilty on the second count, of driving a car immediately after he had been drinking intoxicating liquor, all in the manner and form charged in the second count of the information."

Judgment on each count was entered and sentences imposed accordingly.

Defendant appeals, contending that his conviction and sentence

on both counts constitute a breach of his constitutional right not to be placed in jeopardy twice nor twice subjected to punishment for one and the same offense.

The statute defining the offense involved in the first count charged against defendant reads:

"If any person shall be drunk in any highway, street, or in any public place or building, or if any person shall be drunk in his own house, or any private building or place, disturbing his family or others, he shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be fined in any sum not exceeding twenty-five dollars, or by imprisonment in the county jail for a period not exceeding thirty days." (R. S. 21-2128.)

The offense involved in the second count is thus defined:

"It shall be unlawful for any person under the influence of intoxicating liquor or any exhilarating or stupefying drug to drive, operate or have charge of the power or guidance of any automobile, motorcycle or any motor vehicle propelled by other than muscular power, upon any public road, highway, street, avenue, driveway or alley within the state of Kansas. And that the taking or use of any intoxicating liquor or exhilarating or stupefying drug by the person driving, operating or in charge of the power and guidance of any automobile, motorcycle, or other vehicle or while operating such vehicle propelled by other than muscular power, within a reasonable time prior to taking charge or guidance of such vehicle shall be construed as *prima facie* evidence that such person is under the influence thereof." (R. S. 21-2160.)

Defendant's point is simply this: Being drunk on a public highway was an essential element of the offense of driving an automobile on a public highway while drunk, and that two distinct penal offenses cannot be carved out of that single and identical delinquency.

The authorities seem to favor defendant's contention. A prosecution and conviction or acquittal for any part of a single offense bars further prosecution for any act comprising the whole or any part of defendant's misconduct pertaining to that identical delinquency. Thus, in *State v. Colgate,* 31 Kan. 511, 3 Pac. 346, a defendant was prosecuted and acquitted of the charge of setting fire to and burning a grist mill, and afterwards prosecuted on the charge of setting fire to and burning the books of account, it being the same identical fire involved in the first prosecution. It was held that defendant's acquittal of the charge of setting fire to and burning the mill was a good defense to the charge of setting fire to and burning the books of account pertaining to the business of the mill. In the

State v. McLaughlin.

court's opinion Mr. Justice Valentine reviewed many cases from other jurisdictions, and said:

"And upon general principles a single offense cannot be split into separate parts, and the supposed offender be prosecuted for each of such separate parts, although each part may of itself constitute a separate offense. If the offender be prosecuted for one part, that ends the prosecution for that offense, provided, such part of itself constitutes an offense for which a conviction can be had. And generally we would think that the commission of a single wrongful act can furnish the subject matter or the foundation of only one criminal prosecution." (p. 515.)

In *State v. Chinault,* 55 Kan. 326, 40 Pac. 662, an information was filed in the district court of Wyandotte county charging defendant with the offense of assault with intent to kill. While that case was pending and undetermined, the defendant was prosecuted and convicted in the Wyandotte court of common pleas of the offense of assault with intent to rob. In the latter case the defendant had filed a plea in abatement, setting up the undisputed fact that the identical delinquency was the basis of the action pending against him in the district court. This court reversed the judgment of conviction. In the opinion it was said:

"Both informations charge offenses under the same section of the statutes, viz.: Section 38 of the act regulating crimes and punishments. Both informations refer to the same acts, the only difference being that a different criminal purpose is attributed to the defendant. We think under this section the substantive offense is the assault. The intent with which it was committed characterizes it and determines its degree of criminality. Only one prosecution can be maintained under this section for the same assault, whatever the purpose of the defendant may have been." (p. 328.)

In 8 R. C. L. 145-147 the rule, well fortified with citations, is thus stated and illustrated:

"§ 130. A prosecution for any part of a single crime bars any further prosecution based on the whole or a part of the same crime. . . .

"§ 131. Where a person is brought to trial and jeopardy has attached he cannot be tried thereafter for a greater offense arising out of the same criminal act. . . . Thus a person who is brought to trial on a charge of assault and battery cannot be tried thereafter on a charge of assault with intent to commit some other crime; and it has been held that a verdict of assault and battery on an indictment for stabbing is a bar to another indictment for stabbing, as on an indictment for the greater offense the verdict may be for the lesser. Likewise as an assault is an absolutely necessary element in, and essential to, the crime of assault with intent to commit a rape, when a man has been tried for the offense of assault he may interpose the plea of former jeopardy as a complete defense to a subsequent indictment for the crime of assault with intent to commit a rape, where such indictment is founded on the same act."

State v. McLaughlin.

In 16 C. J. 270, 271, it is said:

"Where one act constitutes several crimes there may be a separate prosecution for each crime; but the state cannot split up a single crime and prosecute it in parts. A prosecution for any part of a single crime bars any further prosecution based upon the whole or a part of the same crime. . . .

"The rule that the doctrine applies only where the two prosecutions are for the same crime must be taken with this qualification, that where one crime is included in and forms a necessary part of another and is but a different degree of the same offense, and where on a prosecution for the higher crime a conviction may be had for the lower, then a conviction or an acquittal of the higher will bar a prosecution for the lower, or for any crime of which the lower is an essential ingredient.

"There are some cases that go even farther than is sanctioned by the above rule and hold that where one crime is a mere incident of another a conviction for the greater will bar a prosecution for the lesser, although on the trial for the greater defendant could not have been convicted of the lesser.

"It is also the almost universally accepted doctrine that an acquittal or a conviction for a minor offense included in a greater will bar a prosecution for the greater, if on an indictment for the greater defendant could be convicted of the lesser. . . .

"One who is convicted of a crime less in degree than the offense for which he is indicted is by implication acquitted of the greater offense and may plead the acquittal as a bar to a consequent indictment for it."

In the case of *In re Nielsen,* 131 U. S. 176, 33 L. Ed. 118, it was held that the conviction of the petitioner of the crime of unlawful cohabitation was a bar to his subsequent prosecution for the crime of adultery, committed during the same period, where the adultery charged was an incident and part of the unlawful cohabitation for which he had been convicted.

As was said by Mr. Justice Bradley in the case we have just cited, the law books are full of cases which bear upon this subject, and it would be mere gratuitous pedantry at this time for us to write a dissertation on this subject.

The criminal delinquency of defendant cannot justly or logically be carved into two distinct offenses carrying separate, distinct and successive punishments. Defendant's criminal conduct of being drunk in a public place was an integral part of the incident of driving his automobile. Being in a public place was not penal; driving an automobile was not penal. The ingredient of drunkenness in a public place was the vital and incriminating element in the constitution of either offense, but that element of drunkenness in public served its purpose and exhausted its potency in one conviction. It could not serve also as an ingredient to accomplish the conviction and punish-

ment of defendant for another offense without doing violence to the simple facts of the case as well as the important constitutional principle involved therein. (Const. Bill of Rights, § 10.)

In 16 C. J. 264 it is said:

"The term 'same offense,' however, does not signify the same offense *eo nomine*, but the same criminal act, transaction or omission; and it is not essential, to sustain a plea of former jeopardy, that the proofs in the two prosecutions be identical; it is sufficient if an acquittal of the offense charged in the first indictment virtually includes an acquittal of that set forth in the second, however much they may differ in degree. Thus an acquittal on an indictment for murder will be a good bar to an indictment for manslaughter; and *e converso*, an acquittal on an indictment for manslaughter will be a bar to a prosecution for murder. Some courts have greatly expanded the natural and ordinary meaning of the words 'same offense' so as to include all lesser degrees that fairly may be included within the major charge.

"Several rules have been laid down by the authorities for determining whether the crimes are identical. . . . The safest general rule is that the two offenses must be in substance precisely the same or of the same nature or of the same species, so that the evidence which proves the one would prove the other; or if this is not the case, then the one crime must be an ingredient of the other."

The state calls our attention to two recent cases decided by this court, *State v. Ford*, 117 Kan. 735, 232 Pac. 1023, and *State v. Cassady*, ante, p. 331, 246 Pac. 508. They are not in point. In the Ford case we merely held that having unlawful possession of intoxicating liquor is a distinct and not necessarily related offense to that of selling the same liquor. One may sell liquor without having possession of it, and may have unlawful possession of liquor without selling it. (*State v. Supancic*, 117 Kan. 110, 230 Pac. 306.) But one cannot drive an automobile in a public street in an intoxicated condition without being in an intoxicated condition in that public street. The distinction between the Cassady case and the one at bar is similarly obvious and needs no discussion.

In view of the foregoing it is apparent that the judgment of the district court will have to be reversed. That justice may not eventually miscarry, it seems proper to remand the cause to the district court, with instructions to set aside its judgment on both counts, and to vacate its ruling on defendant's motion to require the county attorney to elect upon which count of the information the state would stand, and to sustain that motion; and for further proceedings consistent herewith.

It is so ordered.