No. 27,492.

THE STATE OF KANSAS, *Appellee*, v. LORENZO WALBRIDGE et al.,
*Appellants*.

### SYLLABUS BY THE COURT.

INTOXICATING LIQUORS — *Manufacturing and Possession — Evidence*. The evidence considered, and held sufficient to sustain a conviction of manufacturing intoxicating liquor and having intoxicating liquor in possession.

Appeal from Jefferson district court; MARTIN A. BENDER, judge. Opinion filed April 9, 1927. Affirmed.

*H. N. Casebier*, of Oskaloosa, for the appellants.

*William A. Smith*, attorney-general, *Roland Boynton*, assistant attorney-general, and *Lloyd Morris*, county attorney, for the appellee.

The opinion of the court was delivered by

BURCH, J.: Defendants were convicted of manufacturing and having in their possession intoxicating liquor, and appeal.

Walbridge bought a quart can of Jiffy Brew Malt. A statement was printed on the container in two places that the content was nonintoxicating. A recipe for using the malt was also printed on the container. Walbridge bought a miscellaneous lot of bottles, eighty-five in number, bought a bottle capper, took them home, used the malt according to directions, and bottled the product. Then the undersheriff appeared. Mrs. Walbridge made a frantic effort to break the bottles, but a number were saved for analysis and for use as evidence. At the trial nobody testified the liquor was intoxicating, the evidence for defendants was the liquor was for medicinal purposes, and the contention here is the evidence was not sufficient to sustain the verdict.

The statute provides that malt fermented liquor shall be presumed to be intoxicating. (R. S. 21-2109, 21-2101.) The liquor which defendants made was malt fermented liquor, one sample contained more than five per cent grain alcohol, and when the undersheriff asked Walbridge what he had been making he said he had been making beer for his own use.

The judgment of the district court is affirmed.

Intoxicating Liquors, 33 C. J. pp. 758 n. 80, 761 n. 53.