No. 28,907.

THE STATE OF KANSAS, *Appellee*, v. JEFF MARTIN, *Appellant*.

(282 Pac. 726.)

Opinion filed December 7, 1929.

*Charles M. Tucker* and *Charles E. Vance,* both of Liberal, for the appellant.

*William A. Smith,* attorney-general, *R. O. Mason,* assistant attorney-general, and *H. A. Gaskill,* county attorney, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The defendant appeals from a conviction on each of two counts of an information charging him with being a persistent violator of the prohibitory liquor law. To that information he filed a motion to quash, which was denied. The defendant then filed a plea in abatement, to which the state demurred. The demurrer was by the court sustained.

The plea in abatement contained the following allegations:

"That on the 12th day of July, 1928, this defendant was served with a warrant in Seward county, Kansas, charging him with the following offense to wit:

" 'That on or about the 8th day of July, 1928, in Seward county, Kansas, Jeff Martin did then and there unlawfully maintain a place, to wit: A cave or dugout under the surface of the ground, located and being on section 34, township 34, range 31, in Seward county, Kansas, where intoxicating liquors were unlawfully manufactured and where bottles, glasses, kegs, pumps, barrels, boilers, stills, condensers, automobile and other property were kept and used in maintaining such place, and such place and property were and are a common nuisance.

"That afterwards and on the 12th day of July, 1928, this defendant was tried on said charge contained in said warrant before the Hon. M. H. Flood, a justice of the peace of Liberal City township, in Seward county, Kansas, and was convicted as charged in said warrant and sentenced to serve thirty days in the county jail of Seward county, Kansas, and pay a fine of $100, and was thereafter immediately committed by said justice of the peace to said jail to serve said sentences and until such time as said fine and costs in said action were paid; that said judgment has become final and no appeal was had therefrom.

"That the evidence produced in said trial was to the effect that this defendant had in his possession a still and a quantity of alleged mash in said dugout, and that no other evidence, fact or circumstance was proven.

"That all of said charges contained in the information alleged to have happened in Seward county, Kansas, in this action, were included in and a part of said charge and were in evidence in the case in justice court and all arose out of the same event, and that the officers of Seward county, Kansas, were in possession of all of said facts at the time of said justice court trial, and that should this defendant be held to answer said charge in this court he would be twice in jeopardy for the same offense."

The plea in abatement disclosed that the defendant was tried before a justice of the peace and convicted of maintaining a nui-

sance by keeping a place "where intoxicating liquors were unlawfully manufactured and where bottles, glasses, kegs, pumps, barrels, boilers, stills, condensers, automobile and other property were kept and used in maintaining such place, and such place and property were and are a common nuisance."

The first count of the information in the district court charged the defendant with feloniously brewing and making "mash, wort or wash capable of distillation and intended for the production of spirits, or by the process of evaporation to separate alcoholic spirits from fermented substances." The second count charged him with feloniously having "in his possession a still, boiler and other vessels and apparatus to be used for the purpose of distilling or separating by any process of evaporation alcoholic spirits from fermented substances, or a part of such still, boiler or other apparatus or vessels."

Section 21-2130 of the Revised Statutes reads:

"All places where intoxicating liquors are manufactured, sold, bartered or given away in violation of law, or where persons are permitted to resort for the purpose of drinking intoxicating liquors as a beverage, or where intoxicating liquors are kept for sale, barter, or delivery in violation of the law, and all intoxicating liquors, bottles, glasses, kegs, pumps, bars and other property kept in and used in maintaining such a place, are hereby declared to be common nuisances; and every person who maintains or assists in maintaining such common nuisance shall be guilty of a misdemeanor, and upon conviction shall be punished by a fine of not less than one hundred dollars nor more than five hundred dollars, and by imprisonment in the county jail not less than thirty days nor more than six months, for each offense."

Section 21-2110 of the Revised Statutes reads:

"It shall be unlawful for any person to brew or make any mash, wort, or wash capable of distillation and intended for the production of spirits, or, by any process of evaporation to separate alcoholic spirit from any fermented substance and any person so doing shall be deemed guilty of a misdemeanor and punished as herein provided."

Section 21-2111 of the Revised Statutes reads:

"It shall be unlawful for any person to manufacture or have in his possession any still, boiler or other vessel or apparatus to be used for the purpose of distilling or separating by any process of evaporation alcoholic spirit from any fermented substance, or any part of any such still, boiler or other vessel or apparatus, and any person so doing or having any such still, boiler or other vessel or apparatus, or part thereof, in their possession shall be deemed guilty of a misdemeanor and punished as herein provided."

Keeping a place for the unlawful sale of intoxicating liquor is a

separate and distinct offense from unlawfully selling intoxicating liquor at that place. (*State v. Dugan*, 52 Kan. 23, 27, 34 Pac. 409; *State v. Supancic*, 117 Kan. 110, 230 Pac. 306.) Following the reasoning by which that conclusion was reached, it must be said that keeping a place for the unlawful manufacture of intoxicating liquor is a separate and distinct offense from unlawfully manufacturing liquor at the same place.

In *State v. Schesser*, 118 Kan. 635, 236 Pac. 820, this court said:

"Convictions may be had upon each of several counts for the possessing by the defendant of apparatus for making intoxicating liquor, for his making it therewith, and for his having it in his possession after its manufacture; and in a case where such convictions were had, no prejudice resulted from the defendant having also been charged with the offense of making mash, of which he was acquitted."

The *State v. Cassady*, 121 Kan. 331, 246 Pac. 508, declares that—

"An acquittal on a charge of having possession of intoxicating liquor is not a bar to a subsequent prosecution for a sale of the same liquor at the same time and place."

Where a defendant is found not guilty of having intoxicating liquor in his possession, but is found guilty of selling intoxicating liquor, there is not such an inconsistency in the verdict as requires a reversal of the judgment. (*State v. Jackson*, 121 Kan. 711, 714, and cases there cited.)

Keeping a place for the manufacture of intoxicating liquor is one offense, made so by one statute. Making mash, wort, or wash is a second offense, under another statute; and keeping a still for the purpose of distilling intoxicating liquor is another distinct offense, made so by a different statute. The complaint before the justice of the peace did not charge the same offense as either one of those set out in the information filed in the district court.

Other questions are raised by the appeal. They have been examined, but no error is found in any of them.

The judgment is affirmed.