No. 29,735.

THE STATE OF KANSAS, *Appellee,* v. HERBERT WHARTON, *Appellant.*

(295 Pac. 656.)

Opinion filed February 7, 1931.

*John Q. Sayers,* of Hill City, and *W. H. Clark,* of Hoxie, for the appellant.

*Roland Boynton,* attorney-general, *R. O. Mason,* assistant attorney-general, and *J. S. Parker,* county attorney, for the appellee.

The opinion of the court was delivered by

BURCH, J.: Defendant was convicted of violating the liquor law, and appeals.

The information contained four counts, and read as follows:

"*First count:* That on or about the 2d day of December, 1929, in the county of Graham and state of Kansas, and having theretofore on the 22d day of March, 1929, been duly convicted of the offense of having and keeping in his possession a mash capable of distillation and intended for the produc-

tion of intoxicating liquors, one Herbert Wharton did then and there unlawfully and feloniously brew and make a mash capable of distillation and intended for the production of spirits.

"*Second count:* That on or about the —— day of December, 1929, in the county of Graham and state of Kansas, and having theretofore on the 22d day of March, 1929, been duly convicted of a violation of the prohibitory law of the state of Kansas, one Herbert Wharton, then and there being, did then and there unlawfully and feloniously sell intoxicating liquors.

"*Third count:* That on or about the —— day of December, 1929, in the county of Graham and state of Kansas, and having been theretofore and on the 22d day of March, 1929, duly convicted of the crime of having and keeping in his possession a mash capable of distillation and intended for the production of intoxicating liquors, one Herbert Wharton, then and there being, did then and there unlawfully and feloniously have and keep in his possession intoxicating liquors.

"*Fourth count:* That on or about the —— day of December, 1929, in the county of Graham and state of Kansas, and having been theretofore on the 22d day of March, 1929, duly convicted of a violation of the prohibitory law of the state of Kansas, one Herbert Wharton, then and there being, did then and there unlawfully manufacture intoxicating liquors."

There was a motion to quash, on the ground no count by itself or in connection with others charged a felony.

The first and third counts did not charge felonies. The statute reads:

"It shall be unlawful for any person to brew or make any mash, wort, or wash capable of distillation and intended for the production of spirits, or, by any process of evaporation to separate alcoholic spirit from any fermented substance, and any person so doing shall be deemed guilty of a misdemeanor and punished as herein provided." (R. S. 21-2110.)

It is not an offense merely to have and keep possession of mash capable of distillation and intended for the production of spirits.

The second and fourth counts charged felonies. While they lacked directness in charging former conviction, they were sufficient to sustain a conviction if supported by evidence. The evidence relating to former conviction on March 22, 1929, consisted of the following docket entry of a justice of the peace:

"March 22, 1929, J. S. Parker made complaint on oath, charging that on the 22d day of March, 1929, in the county of Graham, state of Kansas, Herbert Wharton did then and there unlawfully have and keep in his possession a mash capable of distillation and intended for the production ·of intoxicating liquors.

.  .  .  .  .  .  .  .  .  .  .  .

"March 22, 1929, defendant was brought into court by the sheriff and complaint was read as charged in complaint, and defendant Herbert Wharton

pleaded guilty to charge in complaint of mash in his possession for the production of intoxicating liquors, and was fined $100 and costs and given a jail sentence of six months in the county jail.

"Justice fees $5. H. G. SADDLER, J. P."

Defendant testified that on March 22, 1929, in Saddler's court, he entered a plea of guilty to violation of the intoxicating liquor law. No doubt he believed he did, because he went to jail pursuant to sentence on his plea, and was out on parole when he was arrested in the present case. The record conclusively shows, however, that the state relied solely on the proceeding before the justice of the peace for its charge of former conviction, and that defendant's testimony related to that proceeding and no other. The legal effect of the proceeding was the same as if defendant had been charged with, had pleaded guilty to, and had been sentenced for having rain water in his possession.

Plaintiff cites the case of *State v. Supancic*, 117 Kan. 110, 230 Pac. 306, in which it was said admission by defendant of previous conviction established the fact whether the record evidence of previous conviction was good or bad. In that case there was no dispute that defendant had been charged in the former proceeding with violation of the liquor law. There was a dispute about his having pleaded guilty. As in the companion case of *State v. Parise*, 117 Kan. 106, 230 Pac. 304, the record had been amended to show a plea of guilty. When on the trial of the felony charge defendant admitted he had been convicted in the former proceeding, the proof of former conviction was complete. We have no such case here.

Notwithstanding the fact the first and third counts did not charge felonies, the motion to quash was properly denied. The allegations relating to previous conviction were surplusage, and disregarding those allegations, each count charged a violation of the liquor law. In view of what has been said, it is not necessary to discuss assignments of error relating to preliminary examination. Defendant's applications for continuance and postponement of trial were properly denied.

Defendant was convicted on the first and fourth counts. He contends those counts were really duplicates, and that if he did make mash, that was all he did.

The statute relating to making mash appears above. The statute further provides as follows:

"It shall be unlawful for any person to . . . manufacture, . . . any spiritous, malt, vinous, fermented or other intoxicating liquors, . . ." (R. S. 21-2101.)

Defendant placed two barrels in a pit a few steps north of his barn. The tops of the barrels were covered with new sacks, and then with wooden lids, and the pit was concealed under a pile of straw. When seized the contents of the barrels consisted of alcohol, carbonic acid (a large amount), sugar (a large amount), water, rye, wheat, smut, cracked grain, starch granules and an abundant supply of yeast. The brew had been set about two weeks before it was analyzed, and fermentation had progressed until the samples showed alcohol, 10 per cent and 12 per cent by volume. The sheriff found on defendant's premises empty jars, bottles and jugs, some containing small quantities of liquor, and all of them smelling of liquor. In defendant's house the sheriff found a bottle containing a small quantity of whisky. Two witnesses testified defendant sold them a bottle of dark-brown liquid which they called whisky. No still was found. The chemist who analyzed the liquor said the alcoholic content would be greatly increased by distillation, and of course the only purpose of distillation would be to purify the liquor and obtain a very high percentage of alcohol.

Alcoholic spirit was present, 10 per cent and 12 per cent by volume. Defendant simply did not separate it from the fermented substances, and there can be no doubt he manufactured intoxicating liquor, within the meaning of R. S. 21-2101. The crime denounced in the first part of R. S. 21-2110 was complete when defendant made the mash intended for the production of spirits. In the modern use of the word "capable" stress is laid on the notion of ability or adaptation (Webster's Internat. Dict.), and the mash was endowed with capability of distillation when the proper ingredients were mixed in proper proportions.

Assignments of error which have not been referred to have been considered, and are regarded as presenting nothing of sufficient gravity to require a new trial.

The cause is remanded to the district court for misdemeanor sentences, instead of sentences for felonies, on the first and fourth counts.