No. 30,339.

· The State of Kansas, *Appellee,* v. J. F. Corbin, *Appellant.*

(9 P. 2d 627.)

Opinion filed April 9, 1932.

*George K. Melvin* and *R. E. Melvin,* both of Lawrence, for the appellant.
*Richard B. Stevens,* county attorney, for the appellee.

The opinion of the court was delivered by

Hutchison, J.: The defendant in this case appeals from the conviction and sentence on two counts for the violation of the intoxicating-liquor law—sale and possession—and assigns errors in the giving of the second and fourth instructions and in approving the verdict when there was no evidence to support it.

It is urged that the fourth instruction did not extend to the matter of possession and that the defendant would not be in the same situation, as far as possession was concerned, as he was with reference to a sale. That instruction was as follows:

"If, as claimed by the state, Corbin directed one of his boys to get some liquor for Thompson and the boy got the liquor and turned it over to Thompson, the defendant Corbin would be in the same situation, so far as the sale is concerned, as though he himself had gotten the liquor and turned it over to Thompson."

Of course, the situation is not the same as far as possession is concerned, and that was a splendid reason for the court limiting the application of directions, given to the boy by the defendant, to the

matter·of the sale. The very limitation itself shows it is not to be applied to the feature of possession. The court had directed the jury in instruction No. 3 that a person may be said to be unlawfully in possession of intoxicating liquor when he has such control thereover as amounts to ownership or which shows an intention on his part to have or keep the same as his own. There is nothing in the record to indicate that the defendant was aiding or abetting the boy in the matter of possession, and we see no error in limiting the fourth instruction to the matter of the sale and omitting to give something further concerning possession when no such instruction was requested.

The second instruction was as follows, and the appellant complains of the last part of it, admitting that the first part is correct:

"Any whisky is intoxicating liquor under the law and any liquor capable of being used as a beverage whose alcoholic content is 35 per cent per volume is intoxicating liquor under the law."

If it is generally and popularly known that any liquor capable of being used as a beverage, whose alcoholic content is 35 per cent per volume, is intoxicating liquor, we presume the court may take judicial notice of it and declare it to be intoxicating as a matter of law. (*Intoxicating Liquor Cases*, 25 Kan. 751.) But we do not deem it necessary in this case to go that far, although percentage of volume of liquors has been discussed in many Kansas cases as to the liquor being intoxicating. (*City of Topeka v. Zufall*, 40 Kan. 47, 19 Pac. 359; *State v. Walbridge*, 123 Kan. 386, 255 Pac. 83; and *State v. Wharton*, 132 Kan. 409, 295 Pac. 656.)

The only description given in this case of the liquor said to have been possessed and sold by the defendant was that it was whisky. It was examined by a chemist and he testified not only as to its per cent per volume of alcoholic content but also that it was intoxicating, and there was no evidence to the contrary. So we have here the uncontradicted evidence that the liquor was intoxicating and that it was whisky. The latter is sufficient under the statute (R. S. 21-2101 and 21-2109) to authorize the court to give the first part of the instruction as a matter of law.

"If in any case the liquor sold or kept for sale be identified by the proof as plain whisky or brandy or gin or wine or beer, or other spirituous, malt, vinous, or fermented liquor of the kind specifically mentioned in the statute, it shall be construed and held to be intoxicating. As to such liquors the statute simply declares what the courts and everybody else know." (*State v. Miller*, 92 Kan. 994, 1004, 142 Pac. 979.)

Inasmuch as the liquor, being whisky, was, as a matter of law, intoxicating the percentage becomes immaterial in this particular case, and therefore whether correct or not, whether the percentage is too high or too low or not a subject of judicial notice, the statement becomes immaterial and certainly not in any way prejudicial to the defendant, as the liquor in question was intoxicating at any rate.

Appellant insists that the evidence of the state presents a state of facts too unreasonable, absurd and ridiculous to be worthy of belief, and that nothing but passion and prejudice could have induced credence thereof by the jury. In the first place, the main witness, Thompson, the purchaser, was almost an entire stranger to the defendant, having met him only once or twice before when he was purchasing a few empty bottles. The evidence shows that Thompson had been employed by the county attorney as a special liquor investigator; that before the purchase of this liquor was made they both observed police cars standing a block away and spoke of them as to what the officers might be doing out there. It is urged that no reasonable person would, in the face of such apparently close observation, have sold liquor to a stranger, and that in the light of such facts it is unreasonable to accept the evidence of this one witness with the slight corroborations of the officers as against the positive testimony of the defendant, his wife and two boys to the contrary. The defendant and Thompson were in the house when the purchase was said to have been made. The car of Thompson was in the driveway in the junk yard of the defendant, in view, however, of the officers a block away. The defendant says he sold Thompson five empty bottles for forty cents and gave back $9.60 for the ten-dollar bill which had been previously photographed and marked, instead of returning $2 as claimed by Thompson. In the search of the premises within a half hour after the sale, no liquor was found, but the marked ten-dollar bill was recovered. The reasoning of the attorneys for the appellant is logical and meets the approval of most cautious and prudent men, and for that very reason many such are deterred from the commission of crime because of the risk of being observed. There is a similar hazard in every crime, perhaps not so apparent as in this case, and while the unreasonable feature of the case is proper for consideration, it does not necessarily overcome the affirmative testimony of the offense, even ventured under such hazardous circumstances. Nearly all crimes carry in

them huge blunders on the part of the performers readily so recognized by them after apprehension.

There was sufficient evidence, we think, to support the verdict. It is said the heavier penalty than usual indicates a prejudice and bias on the part of the trial judge, but perhaps the frequent violation of the liquor law in that county may have urged the trial judge to do something to lessen the frequency of such offenses if possible, as something evidently did urge the county attorney, resulting in his employment of a special investigator.

We find no error in the matters above discussed nor in the overruling of the motion for a new trial.

The judgment is affirmed.