No. 43,617

City of Junction City, Kansas, *Appellee,* v. Lela R. Snow, *Appellant.*

(392 P. 2d 115)

Opinion filed May 9, 1964.

*John C. Humpage,* of Topeka, argued the cause, and *R. Edgar Johnson,* of Junction City, was with him on the briefs for the appellant.

*E. S. Barnhill,* of Junction City, argued the cause and was on the briefs for the appellee.

The opinion of the court was delivered by

Robb, J.: This is an appeal by defendant from the jury's verdict and the trial court's resulting judgment of conviction and sentence thereupon in an appeal to the district court from the Junction City, Kansas, police court's conviction of defendant for violation of city

ordinances prohibiting (1) streetwalking and (2) practicing or indulging in prostitution.

At the close of the city's evidence defendant simultaneously demurred thereto and applied for an order of discharge. These were both overruled as was part of a later motion for new trial. Defendant introduced no evidence but timely perfected this appeal.

The trial court submitted four forms of verdict: (1) Finding defendant guilty of prostitution and streetwalking as charged, which was signed by the jury foreman; (2) finding defendant not guilty of prostitution but guilty of streetwalking; (3) finding defendant not guilty of streetwalking or prostitution; and (4) finding defendant not guilty of streetwalking but guilty of prostitution.

The pertinent ground of defendant's motion for new trial is that the trial court erred by its order overruling defendant's demurrer and motion for discharge. The notice of appeal complains of the trial court's order overruling her motion for new trial as to the second count and other orders adverse to her as set out in her motion for new trial. From the assignment of errors she specifies the trial court's orders overruling her demurrer, motion for discharge and motion for new trial as to the second count of practicing or indulging in prostitution.

In sustaining defendant's motion for new trial on count one of streetwalking the trial court said:

"Well, gentlemen—I think your argument, Mr. Humpage, is very valid wherein the jury comes in and finds them guilty of both. I am not convinced your argument is valid prior to a conviction on both. . . . I think this is true because the *conviction itself* makes for the *duplicity* here. . . . Well, *I'm going to grant you a new trial as to streetwalking.* The motion will be overruled as to prostitution." ( Our emphasis.)

As a result of this statement and the ruling by the trial court, defendant contends the trial court concluded there was multiplicity caused by the two counts and it should have sustained defendant's demurrer and motion for discharge and should not have delayed, as it did, until after the jury returned its verdict. Defendant also complains that a verdict form was not submitted to the jury whereby "the defendant could be found guilty of either of the two offenses but not both." She also contends that the situation should have been corrected by an order of the trial court requiring an election by the prosecution as to which count it desired to proceed upon and that such failure to require an election was prejudicial error. In support

thereof defendant relies on *State v. McLaughlin,* 121 Kan. 693, 249 Pac. 612, wherein one count based on being drunk on a public highway and a second count based on driving an automobile on a public highway while drunk were joined and this court there said:

"Defendant's criminal conduct of being drunk in a public place was an integral part of the incident of driving his automobile. Being in a public place was not penal; driving an automobile was not penal. The ingredient of drunkenness in a public place was the vital and incriminating element in the constitution of either offense, but that element of drunkenness in public served its purpose and exhusted its potency in one conviction. It could not serve also as a ingredient to accomplish the conviction and punishment of defendant for another offense without doing violence to the simple facts of the case as well as the important constitutional principle involved therein. [Const. Bill of Rights, § 10.]" (pp. 697, 698.)

In the McLaughlin opinion (p. 695) the foregoing statement was likened to *State v. Colgate,* 31 Kan. 511, 3 Pac. 346, where defendant had been acquitted of the charge of setting fire to and burning a grist mill and it was held that such acquittal was a good defense to the later attempted prosecution of defendant to the charge of setting fire to and burning, by the same identical fire, the mill's books of account pertaining to the business of the mill.

In the McLaughlin case this court clearly differentiated between that case and *State v. Ford,* 117 Kan. 735, 232 Pac. 1023, wherein it was held that having unlawful possession of intoxicating liquor is a distinct and not necessarily related offense to that of selling the same liquor, and further stated:

"One may sell liquor without having possession of it, and may have unlawful possession of liquor without selling it. [*State v. Supancic,* 117 Kan. 110, 230 Pac. 306.]." (p. 698.)

The Ford case is more analogous to and decisive of our case. See, also, *State v. Odle,* 121 Kan. 284, 246 Pac. 1003, where rape and incest were joined as separate counts in one information.

Our attention is directed to *State v. McManaman,* 175 Kan. 33, 258 P. 2d 997, but that case presented an entirely different question from this one as can be seen by the following statement therefrom:

"Insofar as it is claimed there was error in the trial court's refusal to compel the state to elect on which count it would proceed and rely is concerned, we repeat that if there was any error it was a trial error." (p. 36.)

Our record herein does not show that the two charges arose out of the same transaction.

In the McManaman case it was apparent that a timely motion for an election was made during the trial and before submission to the jury while here the record shows not only that no such timely motion was made but that the first mention of election was "triggered" by the trial court's statement when it granted a new trial on the streetwalking charge, which charge the prosecution immediately thereafter moved to dismiss.

The above determination of the trial court followed the general rule laid down in numerous authorities including 27 Am. Jur., Indictments and Informations, where it was said:

"It is for the accused to request that the state be required to elect [§ 135, p. 693]. . . . Duplicity may be waived by the accused by failure to object to the indictment or information on that ground in due season and by the proper mode. . . ." (§ 187, p. 733.)

and 42 C. J. S., Indictments and Informations:

"Accused cannot complain of a failure of the prosecution to elect where he has made no request for an election or has not objected to the indictment as drawn [§ 185, pp. 1149, 1150]. . . . A motion for an election between counts or an objection for failure to elect is too late when first made after conviction, as on the hearing for a new trial, or after plea of guilty and sentence [§ 188, p. 1156]. . . ."

as well as in *State v. Gaunts*, 60 Kan. 660, 57 Pac. 503, where the following statement appears:

". . . it would seem that so far as the state is concerned the appropriate time for the making of an election is at the close of all the evidence. Until that time the facts in direct proof and in defense of the charge and in rebuttal of the defendant's evidence are not all fully disclosed. At that time more than at any other the state can intelligently determine for which of the several separate criminal acts it will demand a conviction. Therefore no right of the state can be jeopardized or made more difficult of assertion by the delay of the defendant's motion. A claim of waiver of defendant's right by his delay can only be predicated upon the theory of prejudice to the state in consequence of the delay; hence, if no prejudice result, no waiver occurs. The mistake of the court below was in regarding the rule of the cases of *The State v. Schweiter* and *The State v. Crimmins*, supra, and other like cases, as a rule of restriction and not of privilege. These cases do not declare a time beyond which the motion for an election may not be made; they only declare that it may be made at the time stated." (p. 663.)

In view of the record and the applicable authorities we can only conclude the defendant has totally failed to show any error on the part of the trial court which prejudicially affected her substantial rights.

Judgment affirmed.