NOT DESIGNATED FOR PUBLICATION

No. 115,847

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KELVIN GABRIEL FITZPATRICK,
*Appellant*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; C. WILLIAM OSSMANN, judge. Opinion filed January 27, 2017. Affirmed.

*Joseph A. Desch*, of Law Office of Joseph A. Desch, of Topeka, for appellant.

*Kendall Kaut*, assistant district attorney, *Chadwick J. Taylor*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GARDNER, P.J., POWELL, J., and HEBERT, S.J.

*Per Curiam*:  Kelvin Gabriel Fitzpatrick appeals his conviction after a bench trial of possession of a hallucinogenic drug (marijuana), claiming the evidence is insufficient to support it. We disagree and affirm.

FACTUAL AND PROCEDURAL BACKGROUND

On August 15, 2015, Topeka Police Officer Brandon Austin pulled over a vehicle driven by Fitzpatrick. There was a passenger in Fitzpatrick's vehicle. Because Fitzpatrick

1

had a warrant for his arrest, Austin called Topeka Police Officer Morgan Bracken to the scene for backup in order to assist in executing the warrant. Fitzpatrick told Austin he did not want anyone but the passenger to drive his vehicle from the scene.

While Austin was in the process of arresting Fitzpatrick, Bracken made sure the passenger kept his hands on the dash. Bracken noticed the passenger was acting nervous. As the passenger voluntarily exited the vehicle, Austin observed a partially smoked marijuana blunt on the passenger's pants and smelled marijuana. After Fitzpatrick's arrest, Bracken and Austin searched the vehicle. During this search, among other things, Austin found a small baggie of vegetation in the center console. Bracken discovered loose vegetation on the passenger-side floorboard as well as a partially smoked marijuana cigarette stuck to the outside of the passenger's pants. Austin collected the baggie filled with vegetation, placed it into an evidence container under case number 17804-15 with his initials on the container, and placed the evidence in the evidence property room.

This vegetation was submitted to the Kansas Bureau of Investigation (KBI) for testing and, according to the KBI report, tested positive as marijuana. Both parties stipulated to the contents and foundation of the report at trial. The lab report was assigned number 17804-15 and listed Fitzpatrick's name. Austin testified that the marijuana tested was the marijuana listed on the lab report.

At trial, Fitzpatrick claimed he did not do drugs and the marijuana was not his. Under the State's theory of constructive possession, the district court found Fitzpatrick guilty of possession of a hallucinogenic drug (marijuana), contrary to K.S.A. 2015 Supp. 21-5706(b)(3), and sentenced him to an underlying jail term of 60 days but placed Fitzpatrick on probation for 6 months.

Fitzpatrick timely appeals.

2

WAS THERE SUFFICIENT EVIDENCE TO CONVICT FITZPATRICK
OF POSSESSION OF MARIJUANA?

On appeal, Fitzpatrick argues there was insufficient evidence to support his conviction for possession of marijuana. Specifically, he argues the State's evidence is lacking in two key areas: (1) The State failed to prove that the marijuana taken from Fitzpatrick's vehicle's console was the same marijuana provided to the KBI for testing; and (2) there was insufficient evidence to support the State's theory of constructive possession.

> "When the sufficiency of evidence is challenged in a criminal case, [we review] all the evidence in the light most favorable to the prosecution. The conviction will be upheld if [we are] convinced that a rational factfinder could have found the defendant guilty beyond a reasonable doubt based on that evidence." *State v. Laborde*, 303 Kan. 1, 6, 360 P.3d 1080 (2015).

In determining whether there is sufficient evidence to support a conviction, we will not reweigh the evidence or the credibility of witnesses. *State v. Daws*, 303 Kan. 785, 789, 368 P.3d 1074 (2016). It is only in rare cases where the testimony is so incredible that no reasonable factfinder could find guilt beyond a reasonable doubt that a guilty verdict will be reversed. *State v. Matlock*, 233 Kan. 1, 5-6, 660 P.2d 945 (1983).

A.   *The marijuana tested by the KBI was the same seized from Fitzpatrick's vehicle.*

Fitzpatrick challenges the State's chain of custody, arguing the State failed to provide any evidence that the alleged marijuana was indeed the sample tested by the KBI that indicated the presence of marijuana. In response, the State asserts that Fitzpatrick waived this argument by stipulating to the foundation and contents of the KBI report at trial. The State also argues that there was sufficient evidence to establish that the marijuana seized from Fitzpatrick's vehicle was the same marijuana tested by the KBI.

3

We need not address the State's waiver argument because we agree that there is sufficient evidence to establish a proper chain of custody of the marijuana in question to prove that the marijuana tested by the KBI was in fact the same marijuana seized from Fitzpatrick's vehicle. The KBI report states that the baggie seized from the center console of Fitzpatrick's vehicle contained marijuana. This lab report lists Fitzpatrick as the suspect. Moreover, Austin testified he put case identifier 17804-15 and his initials on the baggie of marijuana and then placed the item into the evidence room. The lab report lists the same case number of 17804-15. Austin also testified the marijuana tested was the marijuana he seized from Fitzpatrick's car. We find there is sufficient evidence for a reasonable factfinder to conclude that the marijuana tested by the KBI was the same marijuana seized from Fitzpatrick's vehicle.

B.      *There was sufficient evidence under the theory of constructive possession to support Fitzpatrick's conviction.*

Fitzpatrick next argues that the State failed to meet its burden to prove beyond a reasonable doubt that Fitzpatrick possessed the marijuana. Specifically, Fitzpatrick contends the State did not prove he had knowledge of and intent to control the marijuana, elements essential to possession.

Fitzpatrick was convicted of possession of a hallucinogenic drug (marijuana), contrary to K.S.A. 2015 Supp. 21-5706(b)(3), which states:

> "(b) It shall be unlawful for any person to possess any of the following controlled substances or controlled substance analogs thereof:
> . . . .
> "(3) any hallucinogenic drug designated in subsection (d) of K.S.A. 65-4105, subsection (g) of K.S.A. 65-4107 or subsection (g) of K.S.A. 65-4109, and amendments thereto."

4

K.S.A. 2015 Supp. 65-4105(d)(16) lists marijuana as a schedule I controlled substance.

Possession is defined as "having joint or exclusive control over an item with knowledge of and intent to have such control or knowingly keeping some item in a place where the person has some measure of access and right of control." K.S.A. 2015 Supp. 21-5701(q).

> "Under a charge of simple possession of marijuana it is not necessary to prove ownership of the prohibited drug in the sense of title, but the prosecution is required to show some measure of control over some amount of the drug. Such control may be immediate and exclusive, jointly held with another or it may be constructive possession where the drug is kept by the accused in a place to which he has some measure of access and right of possession and control. [Citation omitted.]" *State v. Woods*, 214 Kan. 739, 744, 522 P.2d 967 (1974), *overruled on other grounds Wilbanks v. State*, 224 Kan. 66, 579 P.2d 132 (1978).

To establish a defendant's constructive possession of drugs, the State must prove more than a "mere presence or access to the drugs." *State v. Cruz*, 15 Kan. App. 2d 476, 489, 809 P.2d 1233 (1991). "[O]ther incriminating circumstances linking the defendant to the drugs" must be proved. *State v. Anthony*, 242 Kan. 493, 502, 749 P.2d 37 (1988); *State v. Beaver*, 41 Kan. App. 2d 124, 129, 200 P.3d 490 (2009). These "other incriminating circumstances" include factors such as:

> "(1) a defendant's previous participation in the sale of a controlled substance; (2) his or her use of controlled substances; (3) his or her proximity to the area where the drugs are found; (4) the fact that the drugs are found in plain view; (5) incriminating statements of the defendant; (6) suspicious behavior by the defendant; and (7) proximity of defendant's possessions to the drugs. *State v. Marion*, 29 Kan. App. 2d 287, 290, 27 P.3d 924, *rev. denied* 272 Kan. 1422 (2001); see PIK Crim. 3d 67.13-D." *State v. Dean*, 42 Kan. App. 2d 32, 39, 208 P.3d 343 (2009).

In a factually similar case, methamphetamine and drug paraphernalia were found in the defendant's car; he claimed the items were not his. Rather, the passenger claimed the items as her own. Like the present case, many of the items were within the defendant's reach. Our court held that, when viewing the evidence in the light most favorable to the State, a rational factfinder could have found beyond a reasonable doubt that there was sufficient evidence to convict the defendant of possession of methamphetamine and possession of drug paraphernalia because the drugs and paraphernalia were found in the defendant's car and among his possessions. *State v. Siebold*, No. 101,687, 2010 WL 1882148, at *8 (Kan. App. 2010) (unpublished opinion).

Here, the baggie of marijuana was found in Fitzpatrick's vehicle's center console, well within Fitzpatrick's reach and located among his possessions. Loose marijuana was found in plain view on the passenger-side floorboard, and a partially smoked marijuana cigarette was stuck on the outside of the passenger's pants. Although Fitzpatrick testified the drugs were not his and he did not do drugs, it appears the district court made a credibility determination and did not believe Fitzpatrick's testimony. As it is not our role to make witness credibility determinations, *Daws*, 303 Kan. at 789, and because possession may be proved by circumstantial evidence, see *State v. McKibben*, 239 Kan. 574, 585, 722 P.2d 518 (1986), when viewing the evidence in the light most favorable to the State, we find a rational factfinder could have found Fitzpatrick guilty beyond a reasonable doubt based on this evidence. There was sufficient evidence to support Fitzpatrick's conviction of possession of a hallucinogenic drug (marijuana) based on the theory of constructive possession.

Affirmed.