(65 P.3d 1060)
No. 88,920

STATE OF KANSAS, *Appellee*, v. ROGER CLARK GEORGE, *Appellant*.

Opinion filed
April 4, 2003.

*David R. Gilman*, of Overland Park, and *John Jenab*, of Jenab & Kuchar, of Olathe, for appellant.

*Melissa D. Thiesing*, county attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before BEIER, P.J., WAHL, S.J., and PADDOCK, S.J.

WAHL, J.: Roger Clark George appeals his convictions of possession of marijuana, criminal possession of a firearm, no drug tax stamp, and possession of drug paraphernalia.

On September 12, 2000, officers with the Neosho County Sheriff's office received information from a confidential informant (CI) that Roger Clark George was growing marijuana north of his residence in a heavily-wooded area. The CI also said George was starting to pick the marijuana for drying and he usually used a four-wheel ATV to check and harvest the marijuana. According to the CI, George was also known to grow marijuana south of his residence. On September 26, 2000, officers received an anonymous call stating George was growing marijuana north and south of his residence.

On September 29, 2000, officers conducted a flyover of the property at issue, which was owned by George's mother. During the flyover, officers saw what they believed to be marijuana. This prompted Officer Taylor to walk the property, at which time he saw a small building approximately 200-300 yards from George's house and across a county-line road. Through an uncovered window on the building, Officer Taylor saw marijuana hanging from a string.

At the time Officer Taylor saw the marijuana in the building, he had not yet walked the entire property and had not discovered any growing marijuana. After seeing marijuana in the building, Taylor ceased walking the property and set up surveillance of the building with other officers. During surveillance, officers watched as George arrived at the building on a four-wheel ATV. George entered the building, and the officers arrested him when he came out. Officers did not enter the building at this time.

Officer Taylor applied for a search warrant. At the time of the application, he was unaware there was no marijuana growing on George's property as he had ceased walking the property upon seeing marijuana in the building. The judge issued the search warrant. The resulting search revealed 10 marijuana plants in the building and marijuana in George's truck.

The State charged George with possession of marijuana, a violation of K.S.A. 65-4162(a)(3), possession of drug paraphernalia, a violation of K.S.A. 65-4152(a)(3), criminal possession of a firearm, a violation of K.S.A. 2002 Supp. 21-4204(a)(4), and no drug tax

stamp, a violation of K.S.A. 79-5208. George posted bond pending trial.

George filed a motion to suppress evidence, arguing, in part, the affidavit supporting the application for a search warrant failed to state that some information provided by the CI was untrue. The court overruled the motion.

George was arraigned on May 2, 2001, and his jury trial was scheduled for September 26-27, 2001. At the State's request, George agreed to reschedule the trial to October 24-25 because a KBI chemist was unavailable for the September dates. Soon after rescheduling the trial, the State learned two key officers, Officer Taylor being one, were unavailable for the October dates. The State attempted to reschedule the trial within the statutory 180-day limit, which was identified by the State as on or before November 2, 2001, but no trial dates were available with the court during that time. The soonest available dates were December 13-14, which fell within 90 days after the expiration of the 180-day period.

After confirming that all witnesses were available for the December dates, the State filed a motion for continuance due to the absence of a material witness and attached an affidavit as required by K.S.A. 60-240(c) in support thereof. The affidavit explained the anticipated content of the two officers' testimony, namely that their testimony would relate to facts supporting the search warrant and the evidence subsequently seized. The affidavit also stated the officers would be out of state on the October dates and were unavailable for the trial.

The court held a hearing on the State's motion during which George objected to the continuance. After the State reiterated what prompted the need for a continuance, the court found there was good cause and granted the State's motion for a continuance and set George's trial for December 13-14.

George filed a motion to dismiss pursuant to K.S.A. 22-3402 for failure to bring him to trial in a timely manner. In the motion, George argued the State failed to make reasonable efforts to procure the material evidence as required by K.S.A. 22-3402(3)(c). The court held another hearing where George argued the State

failed to show the case could not proceed to trial without Officer Taylor and Sheriff Keath, noting there were two other officers on the scene at some point. The State explained the import of Officer Taylor's testimony as he took part in the flyover, walked the property, found the building, applied for the search warrant, and *Mirandized* and interviewed George. The State described Officer Taylor as the "main witness" in the case.

The State argued circumstances regarding the need for the continuance were out of its control because the officers would be out of town on the October dates and the State attempted, to no avail, to reschedule the trial within the 180-day limit. The State also claimed George failed to show the delay would be prejudicial and noted the new trial dates were within 90 days of the original trial dates.

The court found the State did not have control over the reasons the trial did not proceed as scheduled and noted the new trial dates in December were the first available outside the 180-day limit and were still within 90 days of the original trial dates. The court denied George's motion to dismiss.

George waived his right to a jury trial. The court found George guilty of felony possession of marijuana after a previous conviction, criminal possession of a firearm, no drug tax stamp, and possession of drug paraphernalia. The court denied George's motion for judgment of acquittal, which was based on the court's denial of his motion to suppress and his motion to dismiss.

On April 3, 2002, the court imposed concurrent prison sentences of 30 months for possession of marijuana, 8 months for possession of a firearm, 6 months for no drug tax stamp, and 6 months for possession of drug paraphernalia.

George appeals and argues the trial court erred in denying his motion to dismiss, alleging a violation of his statutory right to a speedy trial. This issue involves a question of law over which appellate review is unlimited. *State v. Sanders*, 272 Kan. 445, 458, 33 P.3d 596 (2001), *cert. denied* 122 S. Ct. 2671 (2002).

George was out on bond pending trial. In such a situation, the guidelines set forth in K.S.A. 22-3402(2) apply. This provision states:

"If any person charged with a crime and held to answer on an appearance bond shall not be brought to trial within one hundred eighty (180) days after arraignment on the charge, such person shall be entitled to be discharged from further liability to be tried for the crime charged, unless the delay shall happen as a result of the application or fault of the defendant, or a continuance shall be ordered by the court under subsection (3)."

It is not disputed that George's eventual trial date in December fell outside the 180-day limit. However, the trial court ordered a continuance under K.S.A. 22-3402(3). Resolution of this issue depends on the propriety of the court's decision granting the State's motion for continuance. Whether to grant or deny a continuance is within the discretion of the trial court and its decision will be affirmed unless the trial court abused its discretion, thereby prejudicing the substantial rights of a defendant. *State v. Stallings*, 262 Kan. 721, 726, 942 P.2d 11 (1997). We need not restate the oft-repeated rules for determining an abuse of discretion. We do, however, need to have evidence in the record to determine the basis and propriety of the court's continuance.

In both its affidavit in support of its motion for continuance and at the continuance hearing, the State explained the import of Officer Taylor's testimony: The officer's involvement in the case rendered his testimony material and his attendance at the trial necessary.

Following the requirements set out in K.S.A. 22-3402(3)(c), the court's order of continuance stated: "[T]here is material evidence which is unavailable, reasonable efforts have been made to procure such evidence and there is [sic] reasonable grounds to believe that such evidence can be obtained and trial commenced within the next succeeding 90 days."

In requesting the continuance, the State simply alleged, without explanation, that the two officers were unavailable because they planned to be out of state on the October trial dates. This was insufficient to demonstrate the necessity of a continuance. There was no showing as to the purpose of the officers' out-of-state trip or whether it could be rescheduled. Was it for necessary official duty or merely pleasure? There was no evidence as to whether the court's trial calendar contained a civil trial that could be resched-

uled to accommodate the time constraints for the speedy trial. There appeared to have been no consideration of the possibility of having an assigned judge hear this trial.

After a brief hearing, the trial court found there was good cause for the continuance. The court noted at the hearing that the State had no control over the court's docket and the lack of trial dates until December. While that is true, it must be recognized that the defendant's right to a speedy trial, as statutorily provided, must be protected and extended only for good cause stated when considering the additional 90 days provided by K.S.A. 22-3402(3)(c). The trial court abused its discretion in overruling George's motion to dismiss.

We need not consider appellant's other specification of whether the trial court erred in denying his motion to suppress evidence.

The order of the court overruling George's motion to dismiss for want of a speedy trial is reversed, and the case is remanded to dismiss the charges against appellant.